KIRA M. RUBEL (CA SBN/ 253970)
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, California 92101
Telephone: (800)-836-6531

*Attorney for Plaintiff Brian Trenz*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN TRENZ, on behalf of himself and all others similarly situated,** | CASE NO.3:15-cv-00044-AJB-NLS |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **First Amended Complaint** for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.* |
| **SIRIUS XM RADIO, INC., a Corporation, and TOYOTA MOTOR SALES, U.S.A., INC., a Corporation.** | |
| Defendants. | <u>**Jury Trial Demanded**</u> |

### Introduction

1. Brian Trenz ( "Plaintiff" or "Mr. Trenz") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants, SIRIUS XM RADIO, INC. ("Sirius") and TOYOTA MOTOR SALES, U.S.A., INC. ("Toyota")(jointly, Toyota and Sirius shall be referred to as "Defendants") and each of their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, assigns, and/or related entities, in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent, in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").  Plaintiff alleges as follows upon personal knowledge as to himself, his own acts, and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his counsel.

2. Defendant Sirius is a provider of satellite radio.

3. Defendant Toyota sells new and used automobiles through its local dealerships across the United States.

4. Upon information and belief, Toyota and Sirius maintain a contractual and financial relationship.  Plaintiff further alleges that Sirius provides temporary, free radio services on new and used automobiles sold by Toyota dealerships and, in exchange, Toyota sells or exchanges consumer information it obtains from its local dealerships via consumer automobile purchases to Sirius, which then uses the information to make telemarketing calls to these persons.  Sirius makes these telemarketing calls in order to convert the recent purchasers of these Toyota vehicles into paid subscribers of Sirius.

## Jurisdiction and Venue

5. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act ("CAFA") because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under CAFA.  Therefore, both the elements of diversity jurisdiction and jurisdiction under CAFA are present. Jurisdiction is also proper under 28 U.S.C. § 1331, federal question jurisdiction, as this complaint alleges claims arising under a federal statute.

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are

deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts within this district are sufficient to subject it to personal jurisdiction. On information and belief, Defendants have made the same calls complained of by Plaintiff within this judicial district, such that some of Defendants' acts in making such collection calls have occurred within this district.

## Parties

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in San Antonio, Texas.

8. Plaintiff is informed and believed, and thereon alleges, that Defendant Sirius is, and at all times mentioned herein was, a corporation founded under the laws of the State of New York, whose primary corporate offices are located at 1221 Avenue of the Americas on the 36th Floor in New York City, New York 10020 making the Defendant a citizen of New York for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant sells its services to thousands of residents of California and telemarkets to California citizens by, among other methods, making calls to cellular phones.

9. Defendant Toyota is the North American sales, marketing, and distribution subsidiary of Toyota Motor Corporation, a global automobile corporation headquartered in Japan. At all times mentioned herein, Toyota was a corporation founded under the laws of the state of California, whose primary corporate offices are located at: 19001 S Western Avenue, #G301 Torrance, California 90501-1196 making the Defendant a citizen of California for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant sells its automobiles to thousands of residents of California and sells, or exchanges, the information of California citizens to Defendant, Sirius. On

3

*First Amended Class Action Complaint*
*3:15-cv-00044-AJB-NLS*

information and belief, Toyota also sells or exchanges its customer information from sales nationwide.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

13. Most recently, in 2012, the FCC revised its TCPA rules to require telemarketers (1) to obtain *prior express written consent* from consumers before making a call to a person that would otherwise be in violation of the TCPA, and (2)

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

4

to require telemarketers to provide an automated, interactive "opt-out" mechanism during each call so consumers may immediately tell the telemarketer to stop calling.[4]

14. The FCC has also made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call."[5] The FCC has also clarified that vicarious liability is imposed under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers.[6]

## Factual Allegations

15. At all times relevant, Plaintiff was a citizen of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

16. Defendants, Toyota and Sirius, are, and at all times mentioned herein were, entities that meet the definition of "person," as defined by 47 U.S.C. § 153 (32).

17. At all times relevant, Defendants conducted business in the State of California and in the County of San Diego, within this judicial district.

18. In September of 2014, Plaintiff purchased a 2013 Chevy Truck from Toyota's San Antonio dealership. Plaintiff was unaware at the time of purchase that a "free-trial" for Sirius radio had been programmed into his vehicle.

19. Starting in September of 2014 and continuing through December of that same year, Defendants called Plaintiff on his cellular telephone number, ending in "1870", in an attempt to solicit its satellite radio services in connection with his purchase of an automobile. Plaintiff received multiple calls a day from Sirius and has, at the time of filing this complaint, received more than 25 telemarketing calls from Sirius.

---

[4] *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Rcd. 6574, 6574 (2013)("*Dish Network Ruling*.")
[5] *In re Rules and Regulations Implementing the TCPA of 1991,* 10 FCC Rcd. 12391, 12397 ("*1995 Ruling*.")
[6] *Dish Network Ruling,* ¶ 18.

5

20. These telemarketing phone calls were the first time Plaintiff was made aware of this "free trial." Plaintiff tested his Sirius service and found it did not work. Therefore, the Plaintiff *never used the services provided to it by Sirius.*

21. Plaintiff answered one of these telemarketing calls and spoke with a representative of Sirius. He inquired what the call was regarding and how they had received his number. He was informed that Sirius had obtained his number from his recent car purchase from a Toyota dealership and that the call was for the purpose of inquiring whether Plaintiff would like to purchase ongoing Sirius radio services.

22. Plaintiff never, during any of these phone calls, gave consent to receive continued telemarketing calls from Sirius. Plaintiff never, prior to these calls, gave his consent to receive telemarketing calls from Sirius.

23. Defendant Sirius is the largest satellite radio service provider in the United States. Both Sirius and Toyota advertise that new Toyotas sold in the United States come with a free Sirius subscription. This "free trial" comes with many, if not all, of Toyota's new and pre-owned cars sold by Toyota.

24. On information and belief, Plaintiff believes that Sirius and Toyota have created a mutually beneficial financial relationship wherein Toyota agrees to provide Sirius with exclusive access to its new and pre-owned cars and the customer information accompanying each car sold, so that Sirius may later telemarket to these individuals in an effort to gain ongoing business.

25. On information and belief, Toyota and Sirius maintain a financial relationship, such that Toyota receives some pecuniary benefit for providing Sirius with exclusive access to its customer information.

26. In October 2014, Plaintiff contacted the Toyota dealership where he purchased his vehicle in order to determine how Sirius had obtained his cellular telephone number. Plaintiff was informed by a Toyota employee that Plaintiff's information and cellular telephone number were furnished to Toyota Corporate in California from its dealership in Texas, and then Toyota Corporate provided this

same information to Sirius.  The Toyota employee informed Plaintiff that it was common knowledge that customer information was provided to Sirius for the purpose of telemarketing.

27.   Neither Defendant ever obtained Plaintiff's prior express consent to receive telemarketing calls of this nature.  At the time of purchase, Plaintiff did not give his express consent.  In fact, in the sale paperwork, Toyota did not make any disclosure concerning its sale of customer information to third-parties such as Sirius. Further, Sirius never later sought or obtained Plaintiff's consent to receive such calls.

28.   Notwithstanding the fact that Plaintiff did not provide Sirius his cellular number at any time, Defendants, or its agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and/or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

29.   More than 25 of these calls were made between the months of September and December of 2014, all in violation of the TCPA.

30.   The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

31.   These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

32.   These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

33.   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling and subsequent rulings, the burden is on Defendants to demonstrate that Plaintiff provided express written consent within the meaning of the statute.  Defendants can make no such showing.

## Class Action Allegations

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

35. Plaintiff represents, and is a member of, the Class, which is defined as follows:

> *All persons within the United States who received any telemarketing telephone call from Defendant Sirius, or their agents, to his or her cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, who did not provide prior express consent or prior express written consent, within the four years prior to the filing of the Complaint in this action.*

36. Plaintiff also represents, and is a member of, the Subclass which is defined as follows:

> *All persons within the United States who purchased a new or used vehicle from any Toyota dealership, received a temporary, free subscription to Sirius Radio and, subsequently received any telemarketing telephone call from Defendant Sirius, or their agents, to his or her cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, who did not provide prior express consent or prior express written consent, within the four years prior to the filing of the Complaint in this action.*

37. Excluded from the Class and Subclass are Defendants and any entities in which Defendant has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family. Plaintiff also excludes from this Class Action any claims for personal injury, wrongful death, and/or emotional distress.

38. Plaintiff alleges that Toyota is vicariously liable for all calls made by Sirius to Class Members where Toyota obtained the Class Member information and directly provided that information to Sirius, aware of the fact that Sirius intended to place

telemarketing calls to these individuals, such that it would receive some sort of pecuniary benefit from Sirius' wrongful conduct.

39. On information and belief, Plaintiff further alleges that Sirius acted as Toyota's agent in making such calls to those Class Members that purchased their vehicles at Toyota dealerships and that Toyota exercised, or had the right to exercise, authority over the content and nature of Sirius' telemarketing campaign to these specific Class Members.

40. During these telemarketing phone calls, Sirius informed Plaintiff that his information was obtained from Toyota. Therefore, Plaintiff alleges that Toyota impliedly and/or expressly ratified Sirius' wrongful conduct in violation of the TCPA by providing Sirius with the method and means to call these Class Members.

41. Plaintiff does not know the exact number of members in the Class, but believes the Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

42. Plaintiff and his fellow members of the Class were harmed by the acts of Defendants in, but not limited to, the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class Members previously paid; by having to retrieve or administer messages left by Defendants during those illegal calls; and invading the privacy of said Plaintiff and the Class Members. Plaintiff and the Class Members were damaged thereby.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand

the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44.   The joinder of all Class Members is impracticable and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a Class Action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through Defendants' or their agents' records.

45.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class Members, including the following:

> *a.* Whether, within the four years prior to the filing of this Complaint, Defendants and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class Member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;
>
> *b.* Whether Defendants can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to make such calls;
>
> *c.* Whether Defendants' conduct was knowing and/or willful;
>
> *d.* Whether Defendants are liable for damages, and the extent of statutory damages for such violation; AND
>
> *e.* Whether Defendants should be enjoined from engaging in such conduct in the future.

46.   As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly

and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a Class Action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendants would undoubtedly continue such illegal conduct.  Because of the size of the individual Class Members' claims, few Class Members could afford to seek legal redress for the wrongs complained of herein.

48.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49.   A Class Action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for a violation of this statute is minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause Of Action**
**Negligent Violations Of The Telephone Consumer Protection Act**
47 U.S.C. § 227 *Et Seq.*

50.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

53. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

54. Defendant Toyota is vicariously liable for all phone calls placed by Sirius, wherein Sirius obtained the contact information from Toyota.

**Second Cause Of Action**
**Knowing and/or Willful Violations Of The**
**Telephone Consumer Protection Act**
47 U.S.C. § 227 *Et Seq.*

55. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

56. The foregoing acts and omissions of Defendants constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

57. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

59. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

60. Defendant Toyota is vicariously liable for all phone calls placed by Sirius, wherein Sirius obtained the contact information from Toyota.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

**First Cause of Action for Negligent Violation of the TCPA**

1. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

3. Attorneys' fees and costs out of the common fund provided for the class;

4. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

5. Any other relief the Court may deem just and proper.

**Second Cause of Action for Knowing and/or Willful Violation of the TCPA**

1. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

3. Attorney's fees and costs out of the common fund provided for the class;

4. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

5. Any other relief the Court may deem just and proper.

**Trial By Jury Demanded**

Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: February 9, 2015            **LAW OFFICES OF KIRA M. RUBEL**

                                                    ____/s/ Kira M. Rubel_____

By: Kira M. Rubel, Esq.
*Attorney for Plaintiff Brian Trenz and the Putative Class*
Law Offices of Kira M. Rubel
555 West Beech Street, Suite 230
San Diego, CA 92075
Phone: (800) 836-6531
Email: krubel@kmrlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **February 9, 2015**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing or by personal service for those who have not yet appeared in this matter.

Respectfully submitted,

**LAW OFFICES OF KIRA M. RUBEL**

\_\_\_\_/s/ Kira M. Rubel_____

By: Kira M. Rubel, Esq.
*Attorney for Plaintiff Brian Trenz and the Putative Class*
Law Offices of Kira M. Rubel
555 West Beech Street, Suite 230
San Diego, CA 92075
Phone: (800) 836-6531
Email: krubel@kmrlawfirm.com