Karen P. Hewitt (State Bar No. 145309)
kphewitt@JonesDay.com
David W. Schecter (State Bar No. 296251)
dwschecter@JonesDay.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA  92130-4096
Telephone:  +1.858.314.1200
Facsimile:  +1.858.314.1150

Attorneys for Defendants Sirius XM Radio, Inc.
and Toyota Motor Sales, U.S.A., Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TRENZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO, INC., a Corporation, and TOYOTA MOTOR SALES, U.S.A., Inc., a Corporation,<br><br>Defendants. | Case No: 3:15-cv-00044-AJB-DHB<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Judge:  Honorable Anthony J. Battaglia<br>Date:   June 11, 2015<br>Time:   2:00 p.m.<br>Location:  Courtroom 3B |

## I. INTRODUCTION

Plaintiff cannot maintain his lawsuit against Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") because Toyota is not liable for the alleged telemarketing campaign promoting *another company's* services.  Plaintiff claims that he purchased a used Chevy truck from a Toyota dealership in San Antonio, Texas, that – – to his supposed surprise – – came with a trial subscription for satellite radio service provided by Defendant Sirius XM Radio Inc. ("Sirius XM").  Plaintiff then allegedly received calls from telemarketers explaining and promoting Sirius XM's satellite radio service.  Plaintiff acknowledges that Toyota did not make the calls in question and that Sirius XM did not seek to explain or promote any Toyota

3:15-cv-00044-AJB-DHB

**MEMORANDUM OF POINTS AND AUTHORITIES**

products or services. Plaintiff nonetheless sues Toyota on the illogical and implausible theory that Sirius XM supposedly acted as Toyota's agent in placing calls to explain and promote Sirius XM's satellite radio service.

Plaintiff appears to have included Toyota in this lawsuit because he believes that Sirius XM obtained Plaintiff's contact information from Toyota. Even assuming that is true (which it is not), that allegation would not show an agency relationship between Toyota (as "principal") and Sirius XM (as "agent"), which is a predicate to stating a claim against Toyota. Plaintiff must allege facts supporting a reasonable inference that Sirius XM acted on behalf of Toyota in promoting Sirius XM's satellite radio service and that Toyota had a right to control Sirius XM's promotional campaign. Plaintiff has presented no factual allegation supporting either such inference and therefore, has failed to plead a cause of action against it.

Accordingly, as set forth below, Toyota respectfully requests dismissal of the First Amended Complaint as to Toyota with prejudice to avoid further unnecessary burdens of litigation.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he purchased a used Chevy truck from a Toyota dealership in San Antonio, Texas, that contained a trial subscription for Sirius XM's satellite radio service.[1] (Doc. No. 4 ("First Amended Compl." or "FAC") ¶18.) Shortly thereafter, Plaintiff allegedly received telemarketing calls from Sirius XM "for the purpose of inquiring whether Plaintiff would like to purchase ongoing Sirius radio services." (*Id.* ¶21.) Plaintiff contends that Sirius XM (or its agents) made these calls allegedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (*Id.* ¶¶30, 32, 50-60.) Plaintiff filed a complaint seeking statutory damages for each violation and to certify a nationwide class of

---

[1] Plaintiff makes the conclusory allegation that he purchased the used Chevy truck from "Toyota's San Antonio dealership," but he fails in this vague allegation to offer any factual basis to support a contention whether, as is typically the case with automobile dealerships in this country, an independent third party business owned and operated the dealership, not Toyota. (FAC ¶18.)

2     3:15-cv-00044-AJB-DHB
MEMORANDUM OF POINTS AND AUTHORITIES

similarly situated persons. (*See* Doc. No. 1 ("Compl.").)

In addition to his claims against Sirius XM, Plaintiff alleges that Toyota is vicariously liable for the calls allegedly made by Sirius XM (or its agents). (FAC ¶¶30, 32, 54, 60.) In support, Plaintiff contends that "Sirius acted as Toyota's agent in making [the] calls" because "Toyota exercised, or had the right to exercise, authority over the content and nature of Sirius' telemarketing campaign." (*Id.* ¶39.) Alternatively, Plaintiff alleges that Toyota "impliedly and/or expressly ratified Sirius' wrongful conduct in violation of the TCPA by providing Sirius with the method and means to call [Plaintiff]." (*Id.* ¶40.)

### III. MOTION TO DISMISS STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows defendants to move to dismiss a plaintiff's claims on the grounds that plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss brought under Rule 12(b)(6), the complaint must contain sufficient factual allegations "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether the plaintiff has alleged a plausible claim, the court assumes that well-pleaded factual allegations are true and draws all reasonable inferences from those facts in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting

*Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### IV. PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE THAT SIRIUS XM CALLED PLAINTIFF AS AN AGENT OF TOYOTA

In his First Amended Complaint, Plaintiff alleges two theories of vicarious liability against Toyota: (1) Sirius XM acted as an agent for Toyota when it (or its agents) placed the challenged calls; and (2) Toyota ratified Sirius XM's conduct. (FAC ¶¶39-40.) Although Plaintiff presents these as two separate theories, Plaintiff cannot maintain either theory without alleging in the first instance a plausible principal-agent relationship between Toyota and Sirius XM. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014) (concluding that a plaintiff could establish vicarious liability under the TCPA if "the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller"); *Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 680 (9th Cir. 2014) (unpublished) ("Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003).) Accordingly, Plaintiff's vicarious liability claims cannot survive unless Plaintiff has plausibly alleged a principal-agent relationship between Toyota and Sirius XM. *Gomez*, 768 F.3d at 879; *Thomas*, 582 Fed. Appx. at 680. Because he failed to do so, Plaintiff's claims against Toyota must be dismissed. *Balistreri*, 901 F.2d at 699.

#### A. There Are No Well-Pleaded Factual Allegations Showing that Sirius XM Acted as an Agent for Toyota.

"Agency is the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent

manifests assent or otherwise consents so to act." Restatement (Third) Agency §1.01; *see Batzel*, 333 F.3d at 1035. A claim for relief based on an agency theory cannot survive a motion to dismiss unless the plaintiff alleges sufficient facts to support a reasonable inference that an agency relationship existed. *See Iqbal*, 556 U.S. at 679; *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 n.46 (D. Nev. 2014) (citing *Iqbal* and concluding that, to allege an agency theory of liability under the TCPA, "sufficient facts must be offered to support a reasonable inference that an agency relationship existed").

Plaintiff relies exclusively on labels and conclusions rather than well-pleaded factual allegations in trying to plead a claim against Toyota. As an initial matter, the First Amended Complaint contains no allegation that Sirius XM acted *on behalf of* Toyota. Restatement (Third) Agency §1.01 cmt. c (explaining that a "relationship is not one of agency within the common-law definition unless the agent consents to act on behalf of the principal"). This is not an accidental omission, as it is implausible that Sirius XM acted on behalf of Toyota in allegedly placing the calls "for the purpose of inquiring whether Plaintiff would like to purchase ongoing *Sirius* [not Toyota] radio services." (FAC ¶21 (emphasis added).) The FAC instead presents the more plausible scenario that both companies acted independently in pursuit of their own separate business interests. *See* Restatement (Third) Agency §1.01 cmt. g ("Generally, retailers are not considered agents of the manufacturers whose products they sell.").

Nor has Plaintiff plausibly alleged that Toyota controlled, or had a right to control, Sirius XM's alleged telemarketing campaign. Restatement (Third) Agency §1.01; *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal. 2012) *affirmed by Thomas*, 582 Fed. Appx. at 680. Plaintiff also has not provided a reason why Toyota would even seek to do so. Rather, Plaintiff alleges only the bare conclusion that Toyota "exercised, or had the right to exercise, authority over the content and nature of Sirius' telemarketing campaign." (FAC ¶39.) That allegation is a mere

"'naked assertion' devoid of 'further factual enhancements'" that the Court should not accept as true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see Freidman v. Massage Envy Franchising, LLC*, Case No. 12-cv-2962, 2013 U.S. Dist. LEXIS 84250, at *9 (S.D. Cal. June 13, 2013) (dismissing agency claim under the TCPA because plaintiff relied exclusively on conclusory allegations of an agency relationship); *Breidenbach v. Experian*, Case No. 12-cv-1548, 2013 U.S. Dist. LEXIS 35807, at *17-18 (S.D. Cal. Mar. 13, 2013) (same).

Finally, it would not matter if Sirius XM obtained Plaintiff's cell phone number from Toyota, nor would it matter if Toyota gave Sirius XM Plaintiff's information knowing that Sirius XM would call Plaintiff. (Neither allegation is true, in any event.) Those allegations do not give rise to an inference that Sirius XM called Plaintiff *on behalf of* Toyota or that Toyota somehow had a right to control Sirius XM's alleged telemarketing campaign. *See* Restatement (Third) Agency §1.01; *see Batzel*, 333 F.3d at 1035.

### B. Leave to Amend Should Be Denied Because Amendment Would Be Futile.

Should Plaintiff seek leave to amend his claims against Toyota, leave to amend should be denied because any amendment would be futile. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Plaintiff has had two opportunities to plead his claims against Toyota, and on both occasions Plaintiff failed to allege anything beyond mere conclusions in support of his implausible theory that Sirius XM called Plaintiff to promote Sirius XM's satellite radio services as an agent of Toyota. Plaintiff cannot sufficiently allege an agency relationship for the simple reason that one never existed.

To the extent that Plaintiff may seek to amend his complaint to pursue an aiding and abetting claim against Toyota, such an allegation would likewise be futile, because aiding and abetting is not a cognizable legal theory under the TCPA. Courts generally presume that Congress intended to impose aiding and abetting

MEMORANDUM OF POINTS AND AUTHORITIES

liability only when the statute expressly so provides. *See Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 176-77 (1994) ("Congress [knows] how to impose aiding and abetting liability when it [chooses] to do so.") *superseded by statute*. Here, the TCPA does not contain a provision supporting an aiding and abetting theory. *See generally* 47 U.S.C. § 227; *see also Baltimore-Washington Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 746 (D. Md. 2008) (holding that the TCPA does not support a cause of action for aiding and abetting).

## V. CONCLUSION

Plaintiff cannot maintain his lawsuit against Toyota because he relies exclusively on conclusory allegations and recitations of the bare elements of an agency relationship to support an implausible theory that Sirius XM called Plaintiff on behalf of Toyota to promote Sirius XM's satellite radio service. The First Amended Complaint fails to give rise to a reasonable inference that Sirius XM acted as Toyota's agent and Plaintiff's claims against Toyota therefore fail. *See* Restatement (Third) Agency §1.01; *Thomas*, 582 Fed. Appx. at 680. The Court should grant Toyota's motion to dismiss the First Amended Complaint as to Toyota with prejudice to avoid further unnecessary burdens of litigation.

Dated: April 6, 2015 JONES DAY

By: *s/ Karen P. Hewitt*
Karen P. Hewitt
David W. Schecter

Attorneys for Defendants Sirius XM Radio, Inc. and Toyota Motor Sales, U.S.A., Inc.

SDI-600235033v2